UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                 :

MELANIE CLARKE BPR OV TRUST.,         :

                Plaintiff,          :

         -v-             :          26 Civ. 1904 (JPC)

DEUTSCHE BANK TRUST COMPANIES AMERICAS :        ORDER
and ALDERMORE BANK PLC,         :

            Defendants.        :

-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On March 6, 2026, Plaintiff Melanie Clarke BPR OV Trust ("Clarke") filed a Complaint against Deutsche Bank Trust Company Americas ("Deutsche Bank") and Aldermore Bank PLC ("Aldermore Bank") (collectively, "Defendants") and moved for a preliminary injunction. Dkts. 1, 3. On March 18, 2026, this case was reassigned to the undersigned. *See* Mar. 18, 2026 Notice of Case Reassignment. Then, on March 23, 2026, the Court ordered Clarke to serve the Complaint and the motion for a preliminary injunction on Defendants, and further ordered Defendants, within one week of such service, to file a response to Clarke's motion for a preliminary injunction. Dkt. 7.

On March 26, 2026, and March 27, 2026, Clarke served Deutsche Bank and Aldermore Bank, respectively, in accordance with the Court's March 23, 2026 Order. Dkts. 13-14. Deutsche Bank opposed Clarke's motion for a preliminary injunction on April 2, 2026, Dkt. 15, but the docket does not reflect a response from Aldermore Bank.

The Court extends *sua sponte* Aldermore Bank's deadlines to respond to Clarke's motion for a preliminary injunction until three weeks from this Order. Within one week of this Order, Clarke is directed to serve a copy of this Order upon Aldermore Bank in the same manner it served Aldermore Bank on March 27, 2026.

Also within three weeks of this Order, Deutsche Bank should file a motion to dismiss or an Answer to Clarke's Complaint.  Deutsche Bank need not file a premotion letter in advance of any motion to dismiss.

Finally, the Complaint indicates that Clarke is represented in this action by Melanie Kate Clarke, who appears to be a non-lawyer trustee.  Dkt. 1 at 3.  It is well-established in this Circuit that a corporate entity cannot proceed *pro se*, *see Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007), and other courts to consider the issue have found that a non-attorney trustee cannot represent a trust in court, *see, e.g.*, *J.J. Rissell, Allentown, PA Tr. v. Marchelos*, 976 F.3d 1233, 1236 (11th Cir. 2020) ("[A] nonlawyer trustee has no authority to represent a trust in court.  A trustee represents the interests of others and would therefore be engaged in the unauthorized practice of law if allowed to appear pro se as a nonlawyer." (internal quotation marks omitted)); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustee(s) pro se[,] has no right to represent another entity, i.e., a trust, in a court of the United States.").  Within one week of this Order, Clarke should file a letter stating why it believes its case may prosecuted by Melanie Kate Clarke.

SO ORDERED.

Dated: April 7, 2026
New York, New York

JOHN P. CRONAN
United States District Judge