USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 07/28/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELANIE KATE CLARKE,

Plaintiff,

-against-

DEUTSCHE BANK TRUST COMPANY AMERICAS and ALDERMORE BANK PLC,

Defendants.

26-CV-1904 (JPC) (BCM)

**ORDER UPDATING CAPTION AND CAUTIONING PLAINTIFF**

**BARBARA MOSES, United States Magistrate Judge.**

On June 17, 2026, the District Judge granted plaintiff's motion for leave to file an amended complaint on behalf of herself as an individual. (Dkt. 45.) On June 25, 2026, plaintiff filed her First Amended Complaint (FAC) (Dkt. 49), pro se, naming herself as the plaintiff and two entities – Deutsche Bank Trust Company Americas and Aldermore Bank PLC – as defendants. "Melanie Clarke BPR OV Trust" is no longer a party to this action. Consequently, the Clerk of Court is respectfully directed to update the caption of this action as shown above.

Since she filed the FAC, plaintiff has continued her pattern of submitting "supplemental" or otherwise unauthorized filings untethered to any Rule of Civil Procedure, Local Civil Rule, or Order of the Court. *See* Dkt. 50 ("Appellant's Urgent Position Statement and Application for an Immediate Stay of Execution," filed in this Court on June 25, 2026 but apparently addressed to the "Coventry Court of Appeal/Coventry County Court"); Dkt. 51 ("Plaintiff's Formal Declaration of Individual Capacity and Real Party in Interest Standing Pursuant to 28 U.S.C. § 1654," filed on June 25, 2026); Dkt. 53 ("Plaintiff's Notice of Supplemental Authority and Filing of Technical Annex," filed on July 14, 2026). Most recently, in response to defendants' motion to dismiss the FAC (Dkt. 55), plaintiff filed both an opposition memorandum, *see* Dkt. 57, and – that same day – a "Supplemental Memorandum of Law" regarding the "statutory distinction between fiduciary

1099-OID filings and retail filings, and how the adverse claim triggers breaches of the Trust Indenture Act of 1939." Dkt. 58.

Plaintiff is advised that litigation in a federal district court, including motion practice, "is an ordered process. Local Civil Rule 6.1 provides for opening papers, opposition papers, and reply papers, in that order." *Paravas v. Cerf*, 2022 WL 203168, at *2 (S.D.N.Y. Jan. 24, 2022). Absent advance leave of the Court, a party may not "supplement" an authorized filing (such as Dkt. 57) with an unauthorized addition, addendum, or other add-on (such as Dkt. 58). In this instance, because Dkts. 57 and 58 were filed on the same day (and because the combined word-count is below the maximum set out in Local Civ. R. 7.1(c)), the Court will accept them, collectively, as plaintiff's opposition to the motion to dismiss the SAC. Plaintiff is hereby warned, however, that future unauthorized filings may be disregarded by the Court or stricken from the docket, without further notice, *see Paravas*, 2022 WL 203168, at *2 (collecting cases), and continued disregard of the Court's procedural rules may be grounds for sanctions.

Dated: New York, New York
July 28, 2026

**SO ORDERED**.

**BARBARA MOSES**
**United States Magistrate Judge**